# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

JOSEPH MOORHEAD, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

HKA ENTERPRISES, LLC,

    Defendant,

Case No. 7:19-cv-00265-DCC

**CLASS ACTION**

## ORDER (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (2) APPROVING NOTICE PLAN, AND (3) SETTING FINAL APPROVAL HEARING

This matter having come before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiff Joseph Moorhead, individually and on behalf of the Settlement Class ("Plaintiff"), and Defendant HKA Enterprises, LLC ("Defendant") as set forth in the Parties' Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement"). Having duly considered the papers, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

    1.    The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

    2.    Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

    3.    The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. Based on that evaluation, the Court

finds there is cause to believe that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

4. The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Classes:

> **Class A:** All natural persons residing within the United States and its Territories with respect to whom, within seven years prior to the filing of this action and extending through the resolution of this action, HKA procured or caused to be procured a consumer report for employment purposes based on a disclosure form from one or more of the following background check vendors: AWSI, Backgroundchecks.com, ESS, and GIS. The parties agree that there are 3,634 members of Settlement Class A as identified by HKA.

> **Class B:** All natural persons residing within the United States and its Territories: (1) within seven years prior to the filing of this action and extending through the resolution of this action; (2) who were the subject of a background report procured or caused to be procured by HKA based on a disclosure form other than that from the following background check vendors: AWSI, Backgroundchecks.com, ESS (the vendor applicable to Moorhead), and GIS; (3) that was used to make an adverse employment decision regarding such employee or applicant for employment; and (4) who HKA failed to notify of a forthcoming adverse action and/or failed to provide the applicant an understandable copy of his or her consumer report or a copy of the FCRA summary of rights before it took such adverse action. The parties agree that there are 68 individuals who are members of Settlement Class B as identified by HKA.

> **Class C:** All natural persons residing within the United States and its Territories: (1) within two years prior to the filing of this action and extending through the resolution of this action; (2) who were the subject of a background report procured or caused to be procured by HKA based on a disclosure form from one or more of the following background check vendors: AWSI, Backgroundchecks.com, ESS (the vendor applicable to Moorhead), and GIS; (3) that was used to make an adverse employment decision regarding such employee or applicant for employment; and (4) who HKA failed to notify of a forthcoming adverse action and/or failed to provide the applicant an understandable

2

copy of his or her consumer report or a copy of the FCRA summary of rights before it took such adverse action. The parties agree that there are 73 individuals who are members of Settlement Class C as identified by HKA.

5. The Court appoints Meyer Wilson Co., LPA, Semnar & Hartman, LLP, and Dave Maxfield, Attorney, LLC as Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement only.

6. The Court hereby appoints Joseph Moorhead as Class Representative of the Settlement Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. The Court approves the proposed Notice plan for giving notice to the Settlement Class (i) directly (using postcards), and (ii) by establishing a Settlement Website at the web address of www.MoorheadHKAFCRA.com, as more fully described in the Agreement. The Notice plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice plan no later than **September 4, 2019**, in accordance with the terms of the Agreement.

8. On **December 3, 2019**, in the Second Floor of the Donald S. Russell Federal Building & U. S. Courthouse, 201 Magnolia Street, Spartanburg, SC 29306, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Plaintiffs' application for attorneys' fees and expenses, and incentive awards to Class Representatives, should be granted, and in what amount. No later than **October 4, 2019**, Plaintiffs must file papers in support of their application for attorneys' fees and expenses, and the incentive awards to the Class Representatives. No later than **November 19, 2019**, which is fourteen (14) days prior to the

3

Final Approval Hearing, Plaintiffs must file papers in support of final approval of the Settlement and respond to any written objections. Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so no later than **November 19, 2019**. The Court may continue the Final Approval Hearing from time-to-time without further notice to the members of the Settlement Class.

9. The Claims Administrator will file with the Court by no later than **November 19, 2019**, which is fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Agreement and this Preliminary Approval Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

10. Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of **November 4, 2019**, which is sixty (60) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will be controlling.

11. To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, and telephone number, and must state in writing that he or she wishes to be excluded from the Settlement. No Request for Exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that

Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

12. If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning the Agreement will not bind the excluded person.

13. All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement.

14. To object to the Settlement, Settlement Class Members must follow the directions in the Notice and file a written Objection with the Court by the Objection Deadline. In the written Objection, the Settlement Class Member must state his or her full name, and address. He or she must state that the Objection is purporting to be made on the individual's behalf only, must identify any lawyer who was consulted as to such Objection or this case, must also state the reasons for his or her Objection, and whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel. Any documents that the Settlement Class Member wishes the Court to consider must also be attached to the Objection. Any and all Objections shall identify any lawyer that represents the Settlement Class Member as to the case or such Objection. No Objection will be valid unless all of the information described above is included. The right to object to this Settlement must be exercised individually by an individual Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity. The Parties will have the right to depose any objector as to the basis and circumstances of his or her Objection, and to assess the objector's standing.

15. Any Settlement Class Member who has timely filed an Objection may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement. In addition to the foregoing, if a Settlement Class Member or his/her attorney requests permission to speak at the Final Approval Hearing, the written Objection filed must contain a detailed statement of the specific legal and factual basis for each and every objection and a detailed description of any and all evidence the Settlement Class Member may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Settlement Class Member may introduce at the Final Approval Hearing.

16. Any Settlement Class Member who fails to timely file a written Objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order, above and as detailed in the Notice, and at the same time provide copies to Class Counsel and Defendant's Counsel, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or other means, shall be deemed to have waived his, her, or its objections, and shall be forever barred from making any such objections in the Action. All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

17. Accordingly, the following are the deadlines by which certain events must occur:

| **September 4, 2019** [29 calendar days after the date of this order] | Deadline to Provide Class Notice |
|---|---|
| **October 4, 2019** | Deadline for Plaintiffs' Motion for Attorneys' Fees and Incentive Award |

| | |
|---|---|
| [30 days after the Settlement Notice Date] | |
| **November 19, 2019** [14 days before the Final Approval Hearing] | Deadline for Parties to file the following:<br>(1) List of Class Members who made timely and proper Requests for Exclusion;<br>(2) Proof of Class Notice and CAFA Notice (to be filed by the Administrator); and<br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| **November 4, 2019** [60 days after the Settlement Notice Date] | Deadline for Settlement Class Members to submit a Claim Form, to file Objections, or submit Requests for Exclusion |
| **December 3, 2019** [or any time thereafter at the Court's convenience] at [10:00am] | Final Approval Hearing |

18. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Judgment and Order of Dismissal.

19. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

20. If the Settlement is not finally approved by the Court for any reason pursuant to Section 3.1 of the Settlement Agreement, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representative to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

21. Pending the final determination of whether the Settlement should be approved, any Class Representative and all Settlement Class Members are hereby enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until the Final Approval Order or until such time as the Parties notify the Court that the Settlement Agreement has been terminated. This injunction is necessary to protect and effectuate the Settlement Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Any Class Representative and all Settlement Class Members are hereby enjoined from filing any class action, or attempting to amend an existing action to assert any claims which would be released pursuant to the Settlement Agreement. If the Settlement is terminated or final approval does not for any reason occur, the injunction will be immediately terminated.

22. Pursuant to the Agreement, Kurtzman Carson Consultants ("KCC") is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

23. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary. Upon motion of any party, the Court may extend any of the deadlines set forth in this Order without further notice to the members of the Class. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

SO ORDERED.

                                                  s/Donald C. Coggins, Jr.
                                                  United States District Judge

August 6, 2019
Spartanburg, South Carolina