# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| JOSEPH MOORHEAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br><br>HKA ENTERPRISES, LLC,<br><br>Defendant, | Case No. 7:19-cv-00265<br><br>**CLASS ACTION** |

## FINAL APPROVAL ORDER AND JUDGMENT

The Court having held a Final Approval Hearing on December 3, 2019, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order: (1) Preliminarily Approving Class Action Settlement, (2) Approving Notice Plan, and (3) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in order of this dismissal and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Settlement Agreement dated July 26, 2019, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class from this Court's Preliminary Approval Order:

**Class A:** All natural persons residing within the United States and its Territories with respect to whom, within two years prior to the filing of this action and extending through the resolution of this action, HKA procured or caused to be procured a consumer report for employment purposes based on a disclosure form from one or more of the following background check vendors: AWSI, Backgroundchecks.com, ESS, and GIS. The parties agree that there are 3,634 members of Settlement Class A as identified by HKA.

**Class B:** All natural persons residing within the United States and its Territories: (1) within two years prior to the filing of this action and extending through the resolution of this action; (2) who were the subject of a background report procured or caused to be procured by HKA based on a disclosure form other than that from the following background check vendors: AWSI, Backgroundchecks.com, ESS (the vendor applicable to Moorhead), and GIS; (3) that was used to make an adverse employment decision regarding such employee or applicant for employment; and (4) who HKA failed to notify of a forthcoming adverse action and/or failed to provide the applicant an understandable copy of his or her consumer report or a copy of the FCRA summary of rights before it took such adverse action. The parties agree that there are 68 individuals who are members of Settlement Class B as identified by HKA.

**Class C:** All natural persons residing within the United States and its Territories: (1) within two years prior to the filing of this action and extending through the resolution of this action; (2) who were the subject of a background report procured or caused to be procured by HKA based on a disclosure form from one or more of the following background check vendors: AWSI, Backgroundchecks.com, ESS (the vendor applicable to Moorhead), and GIS; (3) that was used to make an adverse employment decision regarding such employee or applicant for employment; and (4) who HKA failed to notify of a forthcoming adverse action and/or failed to provide the applicant an understandable copy of his or her consumer report or a copy of the FCRA summary of rights before it took such adverse action. The parties agree that there are 73 individuals who are members of Settlement Class C as identified by HKA.

3. The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between the Plaintiffs and Class Counsel, and HKA Enterprises, LLC ("HKA") and their counsel.

4. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's

Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6. This Court hereby finds and concludes that the notice provided by the Settlement Administrator to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Each Settlement Class Member is hereby bound by the Settlement Agreement.

8. The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel.

9. This Court hereby dismisses, with prejudice and without leave to amend and without costs to any party, the Action and all claims against HKA in the Action by current and former plaintiffs.

10. Plaintiffs and each and every one of the Settlement Class Members, as well as their respective assigns, heirs, executors, administrators, successors, representatives, agents, partners, attorneys, and predecessors-in-interest, unconditionally, fully, and finally release,

resolve, relinquish and forever discharge each and every one of the Released Parties from each of the Released Claims. The Plaintiffs and the Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or related in any way to the Released Claims. The Released Claims specifically extend to claims that Plaintiffs and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement and the releases contained therein become effective. This release shall be interpreted to the fullest extent of res judicata principles. In addition, any rights of the Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

11. Plaintiffs and each and every Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors, representatives, agents, and predecessors-in-interest, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

12. The Settlement Agreement (including, without limitation, its exhibits), and any

and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by HKA, or of the truth of any of the claims asserted by Plaintiffs in the Action. Further, the Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission by HKA that the Action is properly brought on a class or representative basis, or that classes may be certified for any purpose. To this end, the settlement of the Action, the negotiation and execution of the Settlement Agreement, and all acts performed or documents executed pursuant to or related to the Settlement Agreement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of HKA or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of HKA in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification. Further, evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

13. If for any reason the Settlement terminates, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and

the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

14. In the event that any provision of the Settlement or this Order is asserted by HKA as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

15. The Court shall address Class Counsel's application for fees and costs, as well as the Plaintiffs' request for incentive awards, in a separate Order.

16. Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and it shall serve as final judgment pursuant to Rule 54(b) forthwith.

17. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

IT IS SO ORDERED

December 3, 2019          s/Donald C. Coggins, Jr.
                          Hon.  Donald C Coggins, Jr.
                          United States District Court Judge